IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RICKY ASHLEY**     **PLAINTIFF**
**ADC #099718C**

v.     Case No. 4:20-cv-01505-KGB

**D.P. MARSHALL JR., United**     **DEFENDANTS**
**States District Judge,** *et al.*

## ORDER

Plaintiff Ricky Ashley, currently incarcerated at the Maximum Security Unit of the Arkansas Department of Corrections, filed a *pro se* complaint on December 21, 2020, alleging that multiple United States Supreme Court Justices, United States Chief District Judge D.P. Marshall Jr., Eighth Circuit Court of Appeals Judges Lavenski R. Smith and James B. Loken, and all attorneys licensed in Arkansas violated his federally protected rights (Dkt. No. 2). Before the Court is Mr. Ashley's motion to proceed *in forma pauperis* (Dkt. No. 1).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on December 21, 2020, Mr. Ashley filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Ashley v. Moody*, Case No. 4:18-cv-00482 (E.D. Ark.) (dismissed July 27, 2018); *Ashley v. Moody, et al.*, Case No. 4:18-cv-00497 (E.D. Ark.) (dismissed Aug. 29, 2018) (Dkt. No. 3 and cases cited therein); and *Ashley v. Moody, et al.*, Case No. 4:18-cv-00498 (E.D. Ark.) (dismissed Dec. 27,

2018) (Dkt. No. 3 and cases cited therein). Nevertheless, Mr. Ashley may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Mr. Ashley alleges that the statutory and administrative filing fees of the United States District Courts and Courts of Appeals are excessive and unconstitutional (Dkt. No. 2 at 4). Mr. Ashley also alleges Arkansas Attorney General Leslie Rutledge violated his federally protected rights by limiting communications between Mr. Ashley and Arkansas-licensed attorneys (*Id.*). Mr. Ashley further alleges that defendants conspired to violate his due process rights, equal protection rights, and right to access the court (*Id.*). Attached to Mr. Ashley's statement of his claim are numerous documents ranging from returned mail to communication from the Arkansas Supreme Court Office of Professional Conduct to prison grievances and state court filings, among other things (*Id.* at 5-40).

Based on the allegations in Mr. Ashley's complaint and considering the documents he filed in support of his claims, it is not apparent that Mr. Ashley was in imminent danger at the time he filed his complaint: Mr. Ashley did not allege imminent danger, and the allegations in his complaint otherwise do not indicate that he was in imminent danger. Accordingly, the imminent danger exception does not apply. *Dilworth,* 147 F.3d at 717. The Court dismisses this case due

to Mr. Ashley's failure to pay the filing fee. Mr. Ashley will have thirty (30) days to reopen this case by paying the $402[1] filing fee in full.

The Court notes that Mr. Ashley attempts to bring claims on behalf of other inmates. *Pro se* litigants are not authorized to represent the rights, claims, and interests of other parties in any cause of action. *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *cf. Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity."). Because Mr. Ashley is a not a lawyer, he may not bring claims on other prisoners' behalf.

It is therefore ordered that:

1. Mr. Ashley's motion to proceed *in forma pauperis* (Dkt. No. 1) is denied.

2. Mr. Ashley's complaint is dismissed without prejudice.

3. Mr. Ashley's motion for summary judgment (Dkt. No. 3) is denied as moot.

4. Mr. Ashley has 30 days from the date of this Order in which to reopen this case by paying the $402 filing fee in full.

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 27th day of January, 2021.

*Kristine G. Baker*
———————————————
Kristine G. Baker
United States District Judge

---

[1] Effective December 1, 2020, the cost for filing a new civil case is $402 which includes a $52 administrative fee that does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.